UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:10-CV-26-F

| | |
|---|---|
| BETTY P. LEWIS,<br>        Plaintiff, | )<br>)<br>) |
| v. | )<br>) |
| TRUSTEE ALLEN TOBY HEDGEPETH,<br>as trustee under the Allen Toby<br>Hedgepeth Declaration of Trust, dated<br>May 30, 2001,<br>        Defendant. | )<br>)<br>)<br>)<br>)<br>) |

---

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:10-CV-27-F

| | |
|---|---|
| MAXINE A. EASTON,<br>        Plaintiff, | )<br>)<br>) |
| v. | )<br>) |
| TRUSTEE ALLEN TOBY HEDGEPETH,<br>as trustee under the Allen Toby<br>Hedgepeth Declaration of Trust, dated<br>May 30, 2001,<br>        Defendant. | )<br>)<br>)<br>)<br>)<br>) |

## ORDER

The above-captioned cases hereby are CONSOLIDATED into one civil action. Future pleadings and orders shall be filed by the Clerk of Court only in case No. 2:10-CV-26-F, but shall carry the captions and case numbers of both cases, and be deemed as having been separately filed in each case.

It further is ORDERED that neither the defendant, Allen Toby Hedgepeth, in his personal or any official or fiduciary capacity, nor his heirs, successors, agents, assigns, or any person or entity acting in concert with him in either his personal or fiduciary capacity, shall take or cause to be taken any action that would alter the present condition of the 10-foot easement or the 25-foot right-of-way (Doris Lane) as shown on the plat of the heirs of Capitolla Smith, Plat Book 2A, Page 119, Currituck County Registry, and/or that would exceed in scope, purpose or use that to which those paths were put when the common title to the "Parkers Landing Tract" and the "Hedgepeth Tract" [1] was severed in 1894. That is, neither Hedgepeth, in any capacity, nor his heirs, successors, agents, assigns, or any person or entity acting in concert with him in any capacity shall use or cause to be used either of the two referenced easements for any purpose other than farming or cultivation of the Hedgepeth Tract, and shall not for any purpose expand or alter the paths' present physical character or their dimensions from 10 feet and 25 feet, respectively. Although this order does not adopt or ratify any portion of the June 1, 2010, Preliminary Injunction now in effect in *Hedgepeth v. Parker's Landing POA, et al.*, No. 09-CVS-338, General Court of Justice, Superior Court Division, Currituck County, North Carolina, neither is it intended to affect the operation thereof as to any party to that action as of the date entered.[2]

---

[1] Traditionally known as the "Parker Tract," Hedgepeth's property lies generally to the east of the Parker's Landing Tract. It is referred to herein as "Hedgepeth Tract" to reduce confusion.

[2] It is significant that Hedgepeth's attorney, Norman W. Shearin, has represented in correspondence to the court on June 16, 2010, that "[n]ow that the preliminary injunction has been entered in state court, Mr. Hedgepeth has no intention of clearing the accesses across the lands claimed by Ms. Lewis and Ms. Easton." Hedgepeth dismissed both Ms. Lewis and Ms. Easton as defendants from his state case *prior to* entry of the Preliminary Injunction therein.

2

Except as ordered in the preceding paragraph, these consolidated cases are STAYED pending disposition of Hedgepeth's appeal in *Hedgepeth v. Parker's Landing POA*, No. 09-1768.

SO ORDERED.

This the 15th day of June, 2010.

James C. Fox
Senior United States District Judge